## BALL *v.* CLARK.

(*Circuit Court, N. D. New York.* July 29, 1886.)

PRINCIPAL AND AGENT—RIGHTS OF AGENT AGAINST PRINCIPAL—ACTION UPON VIOLATED CONTRACT—UNAUTHORIZED SALE OF PROPERTY.

Where a principal entered into a contract with an agent, by the terms of which the agent agreed to purchase, hold, and carry grain for him, the principal agreeing to pay commissions, and to furnish said agent, from time to time, such sums of money as margins as would enable him to hold his purchases, and secure him from loss by depreciation of the market, and said agent sold, without notice or demand for margins, all grain held by him for the principal, the agent cannot recover his commission and advances in an action upon the contract, even subject to the principal's right to recoup damages.

Motion for Judgment *Non Obstante Veredicto.*

In 1883, Melville S. Nichols, the plaintiff's assignor, was engaged in business as a broker and commission merchant at the city of Chicago. During the months of April, May, and June, Nichols made large purchases and sales of grain for the defendant. The agreement between the parties, as stated in the complaint, is as follows:

"The said property was so bought and sold for the defendant by said Nichols for profit and speculation on the part of the defendant; and the course and manner of the transaction of the business which was known to, understood by, and agreed upon, between the parties was as follows: The said defendant agreed to pay one-fourth of a cent per bushel as commission for the purchase of wheat and corn. The said Nichols was to purchase, hold, and carry said property for the defendant, and sell the same for him, and on his account, subject to the rules, regulations, and customs of the Chicago Board of Trade, which entered into and formed part of the agreement. The defendant was to furnish to said Nichols, on demand, from time to time, such sums of money, as margins, as became necessary or might be required to enable him to hold and carry said property, and to protect and secure him from loss by reason of any decline, depreciation, or fluctuation in the market, and to pay commissions."

The defendant denied that Nichols performed this agreement on his part, and alleged, on the contrary, that, without making a demand for additional margins, and without notice to the defendant of any kind, Nichols, in violation of his contract, and against the defendant's wishes, closed out all the property which he held for the defendant.

The proof showed that on the nineteenth of June, 1883, Nichols, being then upon the point of failure, sold, without notice or demand for margins, all the grain held by him for the defendant, thus causing the balance against the defendant for which Nichols seeks to recover in this action. Nichols insisted that the sale took place after a demand for additional margins had been made and refused. The defendant denied that any demand had been made which was not complied with. The question submitted to the jury, therefore, was whether

the sale upon the nineteenth of June was authorized or not. The jury found that it was unauthorized; that it was made in violation of the agreement between the parties, without notice, and without a demand for margins. The verdict was for the defendant. The plaintiff requested the court to instruct the jury that, even though the sale was made without authority, the plaintiff could recover his commissions and advances, subject to recoupment by the defendant of any damages sustained by reason of the unauthorized sale. This request was declined, and the plaintiff excepted. Insisting that this refusal was error, the plaintiff moves to set aside the verdict upon the ground that it is inconsequential, and that the plaintiff, notwithstanding the finding of the jury, is entitled to recover.

*D. O'Brien* and *James A. Ward,* for plaintiff.

*John C. McCartin* and *W. M. Rogers,* for defendant.

COXE, J. For the purposes of this motion the fact found by the jury must be taken as established. This is conceded. The sale by Nichols of defendant's property amounted to a conversion. The question briefly stated, then, is this: Can a party recover upon a contract which he himself has violated? To this question it would seem that a negative answer is alone possible. The plaintiff, however, argues that the contract in question is not an entirety; that it is capable of separation; that the condition which Nichols violated was not a condition precedent, but a condition subsequent, and that, therefore, the plaintiff is entitled to recover, subject to defendant's right to recoup his damages. It is admitted that if the provision violated by Nichols is a condition precedent, the plaintiff cannot recover.

The action is not to recover the purchase price of the grain, but is based upon a contract, specifically stated in the complaint, by the terms of which Nichols agreed "to purchase, hold, and carry the property for the defendant." He covenanted to perform all of these stipulations. Can he recover by proving that he performed but one? The defendant agreed to pay for losses made in pursuance of the agreement, not in violation thereof. As was stated by Judge DENIO in *Tipton* v. *Feitner,* 20 N. Y. 423, 425: "If the parties have, in terms, stipulated that the defendant's performance shall be dependent or conditional upon something to be done by the plaintiff, the case is a plain one." Here the parties stipulated that the property should be purchased and held by Nichols for the defendant, and sold for him on his account. When Nichols performed these conditions his right to recover any balance his due was perfect, but how he can succeed upon the theory that the action is maintainable upon proof of the purchase alone it is not easy to perceive. If a party employs an agent to purchase and hold property for a month, and the agent purchases as directed, but sells the next day at a sacrifice, he is hardly in position to call upon his employer to make good the loss.

No controlling precedent has been produced.  The precise question involved does not appear to have been passed upon by this court, or the supreme court.  The authorities referred to in the plaintiff's brief, and many others of this and other states, have, however, been examined with care.  The law is by no means well settled.  Many conflicting theories are advanced, and often the same result is reached by learned judges, though by a very different process of reasoning.  Although it is freely conceded that the main proposition advanced by the plaintiff is fully sustained by a number of these authorities, I cannot doubt that the defendant's position is upheld by the strongest and most consistent arguments.  I am constrained to hold, therefore, that the plaintiff's assignor, having failed to perform the agreement upon which he has based his action, is not entitled to recover.

The motion is denied.